RECEIVED
USDC WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12-29-08
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TROY JENNINGS<br>FED. REG. NO. 67949-053 | CIVIL ACTION NO. 08-1189 |
| VS. | SECTION P<br>JUDGE DRELL |
| FEDERAL BUREAU OF PRISONS, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Troy Jennings, an inmate in the custody of the Federal Bureau of Prisons (BOP), filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on August 13, 2008. When he filed his petition, Jennings was incarcerated at the United States Penitentiary, Pollock, Louisiana. However, on or about December 3, 2008 petitioner was transferred to the United States Penitentiary, Allenwood, Pennsylvania. Petitioner attacks his maximum security custody classification.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

#### *Statement of the Case*

Troy Jennings is an inmate in the custody of the BOP. On March 20, 2003, he and a co-defendant were convicted of various robbery, conspiracy and weapons charges arising out of their participation in a series of armed robberies at post-offices and

a laundromat in New York. He was sentenced to serve concurrent terms of 110 months imprisonment. [See <u>United States v. Troy Jennings</u>, No. 1:02-cr-00743, United States District Court for the Eastern District of New York, Brooklyn Division.]

On August 13, 2008, while he was incarcerated at the United States Penitentiary - Pollock, he filed the instant *habeas* petition alleging that various BOP personnel and others erred in calculating his security custody classification.[1] In support of his general claim that he has been erroneously classified, petitioner sites alleged violations of BOP Program Statements (5800.11; 5100.08; 5350.28); the 1994 Violent Crime Control and Law Enforcement Act; and aspects of the BOP Justice Policy.

## *Law and Analysis*

Petitioner has asserted his claims in a petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241; he is entitled to relief only if he establishes that he is in custody in violation of, or, that he has otherwise been denied some right secured to him by, the Constitution or laws of the United States. <u>Allison v. Kyle</u>, 66 F.3d 71, 73 (5th Cir. 1995); see also 28 U.S.C. §2241(c)(3). Nothing in the petition suggests that petitioner's custody violates the Constitution or laws of the United States, or that he has otherwise been denied some right secured by the

---

[1] On the same date he filed a civil rights complaint making similar allegations. See <u>Troy Jennings v. Federal Bureau of Prisons, et al.</u>, No. 1:08-cv-1190.

2

Constitution and laws of the United States.

Petitioner presents a seemingly complex pleading; however, read liberally, he complains that the BOP erred in the determination of his prisoner security classification. The Fifth Circuit has long held that an inmate has no protectable liberty interest in his prison classification. <u>Wilkerson v. Stalder</u>, 329 F.3d 431, 436 (5th Cir. 2003) citing <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir.1999); <u>Whitley v. Hunt</u>, 158 F.3d 882, 889 (5th Cir.1998); <u>Woods v. Edwards</u>, 51 F.3d 577, 581-82 (5th Cir.1995) (citing <u>Wilkerson v. Maggio</u>, 703 F.2d 909, 911 (5th Cir.1983)) "Classification of prisoners is a matter left to the discretion of prison officials." <u>McCord v. Maggio</u>, 910 F.2d 1248, 1250 (5th Cir.1990) (citing <u>Wilkerson v. Maggio</u>, *supra*). "[I]t is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status' " *Id*. "Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." *Id*. at 1251 (citing <u>Bell v. Wolfish</u>, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). Thus, absent an abuse of discretion, which has not been demonstrated by petitioner, a federal court may not interfere with administrative determinations regarding custodial classifications of inmates.

3

Whitley, 158 F.3d at 889.[2]

To the extent that petitioner complains that he is being denied rehabilitation programs, his claim fares no better since prisoner classification as it relates to eligibility for rehabilitation programs is also not subject to due process protection. See Moody v. Doggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir.1995).

In short, petitioner has not shown that he is in custody in violation of the Constitution and laws of the United States and therefore his petition for writ of *habeas corpus* should be denied.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE**;

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

---

[2] With regard to the issue of prisoner classification, petitioner included copies of the Administrative Remedies Grievances he filed with the BOP in his concurrently filed civil rights complaint. The various responses at the local, regional, and national level reveal no abuse of discretion. See 1:08-cv-1190 at rec. doc. 1-4, p. 3, pp. 11-12; p. 15; rec. doc. 1-5, p. 12; rec. doc. 1-8, pp. 72-74.

4

within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, December 23, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5